Theodore Rodriguez v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-276-CR

     THEODORE RODRIGUEZ,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 97-396-C
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant, Theodore Rodriguez, was convicted of one count of aggravated sexual assault and
two counts of indecency with a child. He was sentenced to 45 years in prison on count one and
to 16 years in prison on counts two and three. He appeals, urging in four issues only that his trial
counsel was ineffective. Because the complaints were not properly preserved at the trial court
level, we will affirm his conviction.
      Rodriguez asserts that his trial counsel was ineffective during both the guilt/innocence phase
and punishment phase of his trial. Specifically, he claims his trial counsel (1) failed to investigate
his case, (2) failed to prepare for trial, (3) failed to interview potential witnesses, and (4) failed
to investigate his family background. Rodriguez did not file a motion for new trial raising these
complaints nor did he bring them to the attention of the trial court in any other manner prior to
filing his appeal.
      Rodriguez attaches several affidavits to his brief in support of his claim of ineffective
assistance of counsel. He does not refer to the record where these same affidavits could be found. 
Assertions or attachments thereto that are not supported by the record will not be considered on
appeal. See Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981); Miranda v. State,
813 S.W.2d 724, 738 (Tex. App.—San Antonio 1991, pet. ref’d); Paez v. State, No. 04-95-00935-CR, 1999 WL 15749, at *8 (Tex. App.—San Antonio Jan. 13, 1999, n.w.h.). We cannot
consider these affidavits.
      We conclude that a review of Rodriguez’ complaints are barred by Rule 33.1(a) of the Rules
of Appellate Procedure. Tex. R. App. P. 33.1(a); Gonzalez v. State, No. 10-98-00268-CR, slip
op. at 6 (Tex. App.—Waco June 9, 1999, n.w.h.). The Rule provides, in part:
(a) In General. As a prerequisite to presenting a complaint for appellate review, the
record must show that:
 
            (1) the complaint was made to the trial court by a timely request, objection or
motion...and
 
            (2) the trial court:
 
                  (A) ruled on the request, objection, or motion, either expressly or
implicitly; or
 
                  (B) refused to rule on the request, objection, or motion, and the
complaining party objected to the refusal.

Id. Applying the clear language of the Rule, we hold that Rodriguez’ issues raising ineffective
assistance of counsel have not been preserved for our review. See Gonzalez, slip op. at 6.
      Because these complaints were not presented to the trial court, we overrule Rodriguez’ four
issues. We, therefore, affirm the judgment.


                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 21, 1999
Publish